IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWIN WALLACE KILLIAN, III, #1010805, | § § | |
| Petitioner, | § § | |
| v. | § | 3:10-CV-2615-L (BK) |
| | § | |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions and recommendation.

Petitioner, a state prisoner, filed a *pro se* "Motion to Correct Sentence," challenging his underlying conviction and 17-year sentence in *State v. Killian*, No. F98-68005 (Dallas County Sep. 22, 2000). Under liberal construction, the Court characterized the pleading as a habeas corpus petition under 28 U.S.C. § 2254, advised Petitioner of the consequences of that characterization, and granted him an opportunity to withdraw the petition or amend the same so that it contains all claims that he wishes to raise with respect to the conviction or sentence that he is challenging. *See Castro v. United States*, 540 U.S. 375, 383 (2003). On January 18, 2011, Petitioner filed a letter motion seeking to "withdraw [his] 'Motion to Correct a Sentence,' while reserving [his] right to re-submit it." (Doc. 3 at 1.)

Construing the letter seeking to "withdraw" the action as a voluntary motion to dismiss brought under Rule 41(a) of the Federal Rules of Civil Procedure, it is recommended that it be

GRANTED without prejudice to refiling.  **Petitioner is cautioned, however, that the 1996 amendment to the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court,** *see* **28 U.S.C. § 2244(d), which applies to any subsequent petition that Petitioner may file in this court.**

SIGNED January 21, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE